# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRUCE R. CHAMPION,

    Petitioner,  : Case No. 3:13-cv-315

 - vs -        District Judge Thomas M. Rose
            Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER,
 Warden, London Correctional
 Institution,
            :
    Respondent.

## REPORT AND RECOMMENDATIONS

  This habeas corpus case is brought *pro se* by Petitioner Bruce R. Champion to obtain relief from his conviction and consequent sentence in the Montgomery County Common Pleas Court in that court's Case No. 1997-CR-1509. The case is before the Court for initial[1] review under Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

  Champion pleads the following Grounds for Relief:

> **GROUND FOR RELIEF ONE:** Petitioner contest that the offenses imposed are contrary to law and violates the United States Constitution by being placed twice in jeopardy for the same act and receiving multiple punishments thereafter.

---

[1] Champion has filed what he styles as an "Amended Habeas Petition," but the Magistrate Judge can find no prior habeas corpus petition filed by him under this or any other case number.

1

**SUPPORTING FACTS:** Petitioner[sic] sentence resulted in having multiple convictions for same conduct. It also violated State and Federal Constitutional Rights against Double Jeopardy and Allied Offenses, which lead being sentenced to an additional 10 years that was not authorized by law. The sentence is clearly against the General Assembly's Intent, Legislative Intent, and against constitutional rights. In *Johnson*, they were very clear to admit that R.C. 2941.15 in [sic] now clarified, and if that is true than [sic] when the Ohio Supreme Court made the ruling in *Johnson*, they were only clarifying an existing rule that would make that retroactive in nature because no Constitutional Rule was disturbed. It is clear that when a Constitutional Rule is not disturbed or charge, and an existing rule is only clarified than [sic] it would be retroactive.

**GROUND FOR RELIEF TWO**: The Trial Court erred when it failed to review the sentence error according to the Plain Error Analysis.

**SUPPORTING FACTS**: The Trial Court failed to apply the Plain Error Doctrine when it clearly exist [sic] to function as an avenue to review Double Jeopardy Claims. Once Allied Offenses of similar import exist, Allied Offenses Constitutes Plain Error and must be reviewed under the doctrine accordingly.

**GROUND FOR RELIEF THREE:** The Petitioner was placed twice in jeopardy was sentenced for allied offenses of similar import, which implicates being placed twice in Jeopardy for the same offense.

**SUPPORTING FACTS**: The Trial [court] Failed to recognize Aggravated Robbery and Kidnapping are Allied Offenses of similar import pursuant to R.C. 2941.25 in the Petitioner's case and it clearly was the duty of the trial court to correct this sentencing error. Petitioner is sentence in contrary to law by having more convictions than authorized by law, and in this particular case the Petitioner was sentenced to an additional 10 years, which is contrary to law and are not authorized by law.

**GROUND FOR RELIEF FOUR:** The Petitioner was entitled to a evidentiary hearing on a Petition for Post-Conviction Relief when a Co-Defendant and the complainant conspire to implicate the Petitioner and when the Co-Defendant recants his implication in a Sworn Affidavit.

**SUPPORTING FACTS:** Lloyd Jackson didn't testify at Petitioner's trial, and the parties stipulated that Jackson would assert his Fifth Amendment privilege if called. The State was then allowed to introduce evidence of Jackson's statements to police implicating Petitioner.

In the affidavits that were presented in support of Champion's petition, Jackson states that he lied to police when he implicated Champion, acting out of fear that if he didn't he would suffer the death penalty upon conviction. Jackson also states: "I should have said something earlier but Mr. Levinson (the prosecuting attorney) didn't allow me in court." Jackson further states that Beverly Williams, a victim who did testify for the State, cooperated with him by giving false evidence implicating Petitioner.

The statements that Lloyd Jackson made in his affidavits, to the effect that Petitioner was "framed" by the false statements that Jackson made to police and the false evidence that Beverly Williams gave at trial, was material to Petitioner's guilt of the offenses with which he was charged. It was also, to the extent that it demonstrates that Petitioner was not involved in those offenses, most favorable to the state to get the convictions.

Finally, Jackson made it clear to the prosecuting attorney that Petitioner was unaware of the existence of the affidavit, but Jackson was going to make Petitioner and his counsel aware at some point in the future that he was recanting his statement. Thereafter, once Petitioner received the information he acted diligently to procure his legal remedy by filing the post-conviction, which was the appropriate legal avenue to show evidence outside of the record.

**GROUND FOR RELIEF FIVE:** The State Court Erred in Admitting a Statement of Petitioner's Co-Defendant in Violation of Petitioner's Constitutional Right to Confrontation.

**SUPPORTING FACTS:** The state court precluded Petitioner from cross-examine Jackson's statement during trial to prevent Petitioner from verify the authenticity of the statement made to officials. Jackson statement was clearly induce by indicting he would receive the death penalty if he did not implicate Petitioner in the offenses committed. Moreover, Jackson wanted to testify at trial, to which, his testimony became a necessity to the entire trial court proceeding. In the present case, at least during trial, the only circumstance surrounding the making of the statement that was shown was that Jackson was under arrest, and had received a rights

3

> explanation "routine." The Court was aware, however, by virtue of the State's February 4, 1998 notice, that other circumstances surrounding the statement included an attempt by Jackson to shift the blame to Petitioner.
>
> Cross-examination of Jackson was vital for purpose of determining whether he even made the admission, and, if so, under what circumstance. The manner in which Jackson alleged admission was presented to the jury deprived Petitioner of his constitutional right to confront and cross-examine Jackson. As a result, the extreme prejudice action by the received a conviction on 4 counts out of the five count indictment.

(Amended Petition, Doc. No. 1, PageID 5-7.)

**Procedural History**

Champion was convicted in Montgomery County Common Pleas case No. 97-CR-1509 of one count of aggravated burglary, two counts of kidnapping, and two counts of aggravated robbery, all with firearm specifications.  He appealed, claiming violation of his Confrontation Clause rights by admission of the statement of a co-perpetrator, and violation of his rights to merger of allied offenses of similar import under Ohio Revised Code § 2941.25, but the court of appeals affirmed the convictions.  *State v. Champion,* Case No. C.A. 17176, 1999 Ohio App. LEXIS 841 (2nd Dist. Mar. 5, 1999).  Champion does not claim and the Lexis database does not show any further appeal to the Ohio Supreme Court.

Champion filed a petition for post-conviction relief under Ohio Revised Code § 2953.21, supported by affidavits of co-perpetrator Lloyd Jackson who swore that:

> he lied to police when he implicated Champion, acting out of fear that if he didn't he would suffer the death penalty[2] upon conviction. Jackson also states: "I should have said something earlier but Mr. Levinson (the prosecuting attorney) didn't allow me

---

[2] Champion and Jackson were indicted for aggravated murder; Champion was acquitted on that count.

4

>in court." Jackson further states that Beverly Williams, a victim who did testify for the State, cooperated with him by giving false evidence implicating Champion.

*State v. Champion*, Case No. C.A. 18394, 2001 Ohio App. LEXIS 219, *2 (2nd Dist. Jan. 26, 2001). The trial court dismissed the petition on the State's motion for summary judgment. Champion appealed raising three assignments of error:

>**FIRST ASSIGNMENT OF ERROR**
>
>IT WAS AN ABUSE OF DISCRETION AND PREJUDICIAL ERROR FOR THE TRIAL COURT TO TREAT THE STATE'S MOTION FOR SUMMARY JUDGMENT AS A MOTION TO DISMISS AND GRANT SUCH JUDGMENT [*3] IN VIOLATION OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW.
>
>**SECOND ASSIGNMENT OF ERROR**
>
>IT WAS AN ABUSE OF DISCRETION AND PREJUDICIAL ERROR FOR THE TRIAL COURT TO GRANT THE RESPONDENT-APPELLEE A SUMMARY JUDGMENT WHEN GENUINE ISSUE OF MATERIAL FACT REMAINED IN THE CASE AND THE JUDGMENT WAS NOT BASED UPON DOCUMENTARY EVIDENCE SUBMITTED BY THE STATE OF OHIO THEREBY MANIFESTING THAT JUDGMENT WAS NOT WARRANTED BY LAW.
>
>**THIRD ASSIGNMENT OF ERROR**
>
>THE TRIAL COURT'S ENTRY OF DISMISSAL DEPRIVED APPELLANT OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW WHERE THERE ARE INSUFFICIENT FINDING OF FACT AND CONCLUSIONS OF LAW TO SUPPORT THE SUMMARY DISMISSAL.

*Id.* at *3, 6. The court of appeals affirmed the dismissal. *Id.* The Ohio Supreme Court then declined further review. *State v. Champion,* 92 Ohio St. 3d 1412 (2001).

On May 27, 2011, Champion filed in the Common Pleas Court a motion for resentencing under the Ohio Supreme Court's decision in *State v. Johnson*, 128 Ohio St. 3d 153 (2010). That

5

court declined relief and Champion appealed, raising three assignments of error:

> [*P2] Champion advances three assignments of error on appeal. First, he contends the trial court erred in refusing to address the merits of his allied-offense argument and an argument about plain error. Second, he claims the trial court erred in failing to apply the plain-error doctrine. Third, he asserts that the trial court erred in failing to recognize that aggravated robbery and kidnapping are allied offenses of similar import.

*State v. Champion*, Case No. 24782, 2012 Ohio 2537, 2012 Ohio App. LEXIS 2237 (June 6, 2012). The court of appeals affirmed. *Id.* The Ohio Supreme Court again declined review. *State v. Champion*, 133 Ohio St. 3d 1424 (2012). Champion then filed the instant habeas corpus petition.

### Analysis

**The Statute of Limitations**

28 U.S.C. § 2244, enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996, provides a one-year statute of limitations for habeas corpus petitions filed under 28 U.S.C. § 2254, that is, by state prisoners seeking federal review of their state imprisonment. 28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

For a state prisoner who does not seek review in a State's highest court, the conviction becomes final on the last day when such review could have been sought. *Gonzalez v. Thaler*, 565 U.S. ___, 132 S. Ct. 641, 653 (2012). Under Ohio law, an appeal to the Ohio Supreme Court must be filed not later than the forty-fifth day after the court of appeals judgment. The Second District's judgment on direct appeal was entered March 5, 1999. Therefore the judgment became final April 19, 1999.

The statute of limitations is tolled during the pendency of any properly filed collateral attack on the judgment. The docket of the Montgomery County Common Pleas Court in this case shows that Champion's post-conviction petition was filed November 16, 1998.[3] Since that

---

[3] Available at www.clerk.co.montgomery.os.us/pro, visited September 21, 2013.

7

is before the judgment became final, it served to toll the statute until the Ohio Supreme Court declined review on June 6, 2001. The statute began to run on that date and expired June 6, 2002. Champion did not file the instant petition until September 20, 2013, more than eleven years later.

Champion asserts that he complies with § 2244(d) because it was "necessary to exhaust all available State remedies that I have been able to discover." (Amended Petition, Doc. No. 1, PageID 8.) Since the Ohio Supreme Court's denial of review on his motion for resentencing did not occur until October, 2012, he may believe his petition is timely because it was filed within one year of that decision.

It is true that if the Common Pleas Court had reopened the judgment and resentenced Champion, the statute of limitations would have begun to run again from the October, 2012, decision of the Ohio Supreme Court. If a conviction is affirmed but the sentence is vacated and the person is re-sentenced, the statute of limitations runs from finality of the new sentence. *Burton v. Stewart*, 549 U.S. 147 (2007); *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012). However, that did not happen here. Rather, the trial court refused to re-sentence and the court of appeals affirmed that decision.

Champion's Amended Petition is untimely by more than eleven years. It should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

September 23, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).