## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**BRUCE R. CHAMPION**

    **Petitioner,**

**-v-**

**DEB TIMMERMAN-COOPER**
**Warden, London Correctional**
**Institution**

    **Respondent.**

      **Case No. C-3:13-cv-315**

      **Judge Thomas M. Rose**
      **Magistrate Judge Michael R. Merz**

_____

   **ENTRY AND ORDER OVERRULING CHAMPION'S OBJECTIONS (Doc. #4) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; OVERRULING CHAMPION'S OBJECTIONS TO THE MAGISTRATE JUDGE'S DECISION AND ORDER; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (Docs. #2 and 7) IN THEIR ENTIRETY; DISMISSING CHAMPION'S PETITION FOR A WRIT OF HABEAS CORPUS WITH PREJUDICE; DENYING ANY REQUESTED CERTIFICATE OF APPEALABILITY; CERTIFYING THAT ANY APPEAL OF EITHER THE REPORT AND RECOMMENDATION, THE SUPPLEMENTAL REPORT AND RECOMMENDATION OR THE DECISION AND ORDER WOULD BE OBJECTIVELY FRIVOLOUS; AND TERMINATING THIS CASE**

_____

   This matter comes before the Court pursuant to pro se Petitioner Bruce R. Champion's ("Champion's") Objections (doc. #4) to Magistrate Judge Michael R. Merz's Report and Recommendations (doc. #2) and Champion's Objections (doc. #11) to Magistrate Judge Merz's Decision and Order (doc. #10). Magistrate Judge Merz performed an initial review of Champion's §2254 Motion and found that it was barred by the statute of limitations. Magistrate Judge Merz's Report and Recommendations and Supplemental Report and Recommendations both recommend that the §2254 case filed by Champion be dismissed with prejudice, that

Champion be denied a certificate of appealability and that this Court certify to the Sixth Circuit that any appeal would be objectively frivolous.

In response to the Supplemental Report and Recommendations, Champion filed a motion to essentially expand the record by obtaining multiple documents from the State of Ohio (the "Motion"). (Doc. #8.) In a Decision and Order, Magistrate Judge Merz denied the Motion finding that, even if Champion could show that he was actually innocent using the requested documents, Champion's §2254 Motion was still not filed within the statute of limitations. (Doc. #10.) Champion then objected to this Decision and Order. (Doc. #11.)

Regarding the Report and Recommendations and Supplemental Report and Recommendations, as required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Upon said review, the Court finds that Champion's Objections to the Magistrate Judge's Report and Recommendations are not well-taken, and they are hereby OVERRULED. Champion did not object to the Supplemental Report and Recommendations. The Magistrate Judge's Report and Recommendations and Supplemental Report and Recommendations are adopted in their entirety.

The Magistrate Judge's decision denying Champion's Motion is a non-dispositive order. Federal Rule of Civil Procedure 72(a) provides that a district court must modify or set aside any part of a non-dispositive order that is clearly erroneous or is contrary to law. *American Coal Sales Co. v. Nova Scotia Power, Inc.*, No. 2:06-cv-94, 2009 WL 467576 at *13 (S.D. Ohio Feb. 23, 2009)(citing Fed. R. Civ. P. 72(a)). Thus, a "clearly erroneous" standard applies to factual findings made by the magistrate judge. *Id.* Legal conclusions are reviewed under the more lenient "contrary to law" standard. *Id.* Both of these standards provide considerable deference to

the determinations made by the magistrate judge. *Id.* (citing *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)).

A magistrate judge's factual findings are considered clearly erroneous if, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed. *Id.* The test is whether there is evidence in the record to support the magistrate judge's finding and whether the magistrate judge's construction of that evidence is reasonable. *Id.* (citing *Heights Community Congress v. Hilltop Realty Corp.*, 774 F.2d 135, 140 (6th Cir. 1985), *cert. denied*, 475 U.S. 1019 (1986)). A legal conclusion is contrary to law if the court determines that the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law…." *Id.*(citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

In this case, this District Judge has reviewed the Magistrate Judge's factual findings regarding Champion's Motion and finds that they are not clearly erroneous. The District Judge has also reviewed the Magistrate Judge's conclusions of law and finds that they do not contradict or ignore applicable law. Therefore, Champion's Objections (doc. #11) to the Magistrate Judge's Decision and Order (doc. #10) are OVERRULED.

Champion's §2254 Motion is denied with prejudice. Further, Champion is denied a certificate of appealability. In addition, any appeal of the denial of Champion's §2254 Motion or of Champion's Motion to expand the record would be objectively frivolous. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Eleventh Day of February, 2014.

                                        **s/Thomas M. Rose**

                                        _____
                                             THOMAS M. ROSE
                                        UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Bruce R. Champion at his last address of record